PD-0120-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 2/17/2015 1:45:49 PM
Accepted 2/18/2015 10:16:42 AM
ABEL ACOSTA
CLERK

**IN THE**
**TEXAS COURT OF CRIMINAL APPEALS**

JORGE GARCIA,

      Petitioner,

vs.                     No.    PD-0120-15

THE STATE OF TEXAS,

      Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PETITION FOR DISCRETIONARY REVIEW**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**LAW OFFICE OF**
**RICHARD J. W. NUNEZ, L.L.P.C.**

FILED IN
COURT OF CRIMINAL APPEALS

February 18, 2015

ABEL ACOSTA, CLERK

**Richard J. W. Nunez**
**SBN 151134600**
**144 E. Price Road**
**Brownsville, Texas 78521**
**Tel.: 956/541-8502**
**Fax: 956/554-8623**
**Email: rjwnlaw@aol.com**

**ATTORNEY FOR PETITIONER**

**PETITIONER REQUESTS ORAL ARGUMENT**

# TABLE OF CONTENTS

Identity of Trial Court Judge, Parties and Counsel     i

Index of Authorities     3

Statement Regarding Oral Argument     4

Statement of the Case     4

Statement of Procedural History     6

Abbreviations     6

Grounds for Review     6

Argument     7-11

1. **Whether the trial court committed reversible error and abused its discretion by failing to judicially determine whether the Appellant's absence was voluntary prior to proceeding with the punishment phase of the trial**

    7

2. **Whether the trial court's failure to instruct the jury that it should draw no adverse inferences from Defendant's absence at the sentencing phase of Defendant's trial**

    10

Prayer for Relief

    11

Certificate of Service

    12

Certificate of Compliance

    12

Appendix

    post

## *Identity of Parties and Counsel*

Appellant, pursuant to Rule of Appellate Procedure 68.4(a), provides that following list of all parties to the trial court's judgment and names and addresses of all trial and appellate counsel.

Trial Court and Judge        Hon. Robert Garza (original trial judge)
Hon. Arturo Nelson (subsequent trial judge)
138th Judicial District of
    Court of Cameron County, Texas

Defendant/Appellant:        Jorge Garcia

Appellee:        The State of Texas

Trial and Appellate Counsel
for Defendant/Appellant:        Richard J. W. Nunez
144 E. Price Road
Brownsville, Texas 78521

Trial Counsel for State of Texas/Appellee:
Gustavo Garza
964 E. Harrison Street
Brownsville, Texas 78520

Appellate Counsel for the State of Texas:
Rene Gonzalez
973 E. Harrison Street
Brownsville, Texas 78520

Cameron County Criminal District
    Attorney's Office
964 E. Harrison Street
Brownsville, Texas 78520

# INDEX OF AUTHORITIES

**Cases**

*Cureton v. United States, 296 F.2d 671 (1968)*

8

*Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex.App.–Corpus
Christi 2004, no pet.).

7

*Taylor v. United States*, 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973)

8

*Vasquez v. State*, 680 S.W.2d 626, 628 (Tex.App.-Corpus
Christi 1984, no pet.)

11

**Rules**

Texas Code of Criminal Procedure Article 33.03

5

**United States Constitution**

Sixth Amendment

5

## STATEMENT REGARDING ORAL ARGUMENT

The issues raised herein raise significant legal issues affecting Texas jurisprudence. Appellant anticipates that oral argument would assist this Court in rendering a just decision. Tex. R. App. P. Ann. 68.4(c) (Vernon 2003).

## STATEMENT OF THE CASE

The Appellant, JORGE GARCIA, was indicted on the charge of aggravated sexual assault of a child. (C.R. at 10). Appellant, represented by counsel, entered a plea of guilty and elected to proceed to punishment before a jury. (C.R. 02, C.R. 33-37) On the same day that the guilty plea was entered by the Appellant, the jury was empaneled and the case was set to commence with evidence on the sentencing phase of the trial on the following day. On said following day, Appellant failed to appear (C.R. 03, C.R. 35) and the trial Court, over the objection of the Defendant's counsel and having overruled Defendant's counsel's motion for continuance (C.R. 35), proceeded with the trial in Appellant's absence. After all evidence was introduced and the parties rested and closed, the Court charged the jury and failed to instruct the jury to refrain from drawing any inference from the absence of the Appellant and failed to instruct the jury to wholly disregard the fact of Appellant's absence during their deliberations on the punishment to be assessed. The jury assessed punishment at eight (8) years confinement in the Texas Department of

Criminal Justice, Institutional Division. (C.R. 36). The trial court, in the absence of the Appellant, on June 11, 1998, entered its "Judgment of Conviction: Punishment by the Jury; Sentence to Institutional Division Trial in Absentia" (C.R. 29-32). Thereafter, after the arrest and apprehension of the Appellant, who had remained at large since his failure to appear on May 27, 1998, the Appellant appeared before the trial Court and sentence was pronounced and the *nunc pro tunc* Judgement of Conviction and Sentence (C.R. 33 - 37) was entered on August 9, 2013. The trial court certified Appellant's right to appeal (C.R. 52). Appellant timely filed his Notice of Appeal (C.R. 38) and Requested Findings of Fact and Conclusions of Law (C.R. 39). Appellant filed timely appeal to the Court of Appeals raising two issues on appeal relating (1) whether the trial court abused its discretion by proceeding to trial in the absence of the Appellant and whether same violated Appellant's constitutionally protected right of due process under the Fifth Amendment of the United States Constitution and Appellant's right to be confronted with the witnesses against him as guaranteed by the Sixth Amendment and in further Violation of the Texas Code of Criminal Procedure Article 33.03, and (2) whether the trial court abused its discretion by failing to instruct the jury to disregard the absence of the Appellant in their deliberations. The Court of Appeals affirmed the trial court's judgment.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals' opinion was decided on December 18, 2014.

Appellant did not file a motion for rehearing with the Court of Appeals, but was

granted a motion for an extension of time to file the instant petition for

discretionary review on February 4, 2015. The instant petition for discretionary

review is due on February 18, 2015.

## ABBREVIATIONS AND REFERENCES

The required documents and several other key documents (i.e. excerpts from

the Clerk's Record and the Opinion from Court of Appeals) are attached to this

Petition in the Appendix. The pages of the Appendix are numbered in the lower,

right-hand corner for ease of reference and use by the Court.

The Clerk's Record (CR) is referred to by page number (e.g., C.R. 22).

## GROUNDS FOR REVIEW

1. Can the sentencing phase of a Defendant's trial proceed before a jury, in his absence, without the trial court first making a specific/express finding that his absence (after having voluntarily entered his plea of guilt) was voluntary?


2. Should the trial court's failure to instruct the jury that it should draw no adverse inferences from Defendant's absence at the sentencing phase of Defendant's trial?

6

## ARGUMENT

The standard of review for the lower court is "abuse of discretion", as set forth in *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex.App.–Corpus Christi 2004, no pet.).

**1.      With regard to whether the trial court committed reversible error and abused its discretion by failing to judicially determine whether the Appellant's absence was voluntary prior to proceeding with the punishment phase of the trial,** the Court of Appeals provides, in its Memorandum Opinion (see index pp. 1-5, at p. 4), that "the trial court denied appellant's counsel's motion for continuance and opted to proceed with trial, impliedly finding that appellant's absence was voluntary". The Court of Appeals also makes clear that, like appellant, it has not found "any Texas case law requiring the trial court to make an express finding that the defendant's absence from trial was voluntary"; despite Appellant's cites of "several cases from outside of our state". This very issue has yet to be determined under Texas case law.

The Court of Appeals inference, from the trial court's denial of Appellant's counsel's motion for continuance, that appellant's absence was voluntary, is arbitrary and without any basis in either the law of fact. Furthermore, the Memorandum Opinion purports to shift the burden to the Appellant in providing

that "appellant does not assert that his absence from the punishment hearing was involuntary" (p. 4 of the Memorandum Opinion).

In *Cureton v. United States, 296 F.2d 671 (1968)*, which was cited in *Taylor v. United States*, 414 U.S. 17, 94 S. Ct. 194, 38 L. Ed. 2d 174 (1973), the court had before it a case with facts materially similar to the case at bar. In *Cureton*, "Appellant was present with counsel when the trial began on a Thursday and progressed through the empaneling of the jury...[t]he judge respited the trial until the following Monday. When the Court reconvened on Monday, Appellant, who was at liberty on his personal recognizance, did not appear." *Cureton, 296 F.2d 671, at 672*. Procedurally, what happens thereafter, in *Cureton*, does not take place in the case at bar. In Cureton, appellant's counsel is offered an opportunity to locate the defendant and the "court issued a bench warrant and recessed for a few hours". *Cureton, 296 F.2d 671, at 673*. Thereafter, the trial court (in *Cureton*) "stated that he found appellant had voluntarily absented himself and that the trial should proceed in his absence under the rules of the court". *Cureton, 296 F.2d 671, at 673*.

In the case at bar, the trial court fails to make a finding with regard to whether the Appellant voluntarily absents himself from trial. *Id.* The *Cureton* court concluded the following:

8

"In the above circumstances, taking into consideration the right, the obligation, and that the orderly administration of justice takes account on the one hand of the importance of a defendant's presence and, on the other hand, the need for control of the situation by the court, we conclude that *if a defendant at liberty remains away during his trial* **the court may proceed provided it is** *clearly established* **that his absence is voluntary**. He must be aware of the processes taking place, of his right and of his obligation to be present, and he must have no sound reason for remaining away. *Id*. at 675-76. (*emphasis added*).

\*\*\*

We cannot be certain upon the present record that appellant's absence was of the character above indicated. *Id*.

\*\*\*

It is not clear that appellant's absence was a deliberate failure to appear without a reason which might bear upon the court's latitude to have continued the trial or not, or which might lead the court to find his absence was not voluntary when that term is given the content we have indicated: It is not clear, in sum, that in all the circumstances there was an absconding or the like, though there might have been. *Id*.

\*\*\*

A remand for fuller development of the facts, which might well include the circumstances in which appellant was taken into custody after the trial, will afford the parties an opportunity to assist the court in reaching findings and a conclusion with greater certainty than the present record permits. *Id*.

\*\*\*

It would go a long way to avoid uncertainty in such cases were the trial court at the time of sentencing to explore the reason the defendant was absent. *Id*.

\*\*\*

The defendant must be present at his sentencing. An opportunity could then be afforded the defendant to make any explanation he may have for his absence and also for development on the record of a basis upon which to determine whether, consistently with Rule 43 as we have interpreted it, the court properly continued with the trial in the defendant's absence. *Id*.

\*\*\*

Should the court as a result of the remand in this case decide the trial should not have continued, the judgement will be set aside, otherwise it will remain in effect, subject to such rights of appeal as may then appertain." *Id.*

In the instant case, the Defendant was sentenced in his absence (C.R.29-32) and thereafter re-sentenced after his apprehension and a *"nunc pro tunc"* order of Conviction and Sentence was entered (C.R. 33-37). However at no time did the trial court make a finding that the Appellant was voluntarily absent.

As provided in the *Cureton* decision, the trial court's right to proceed is conditioned upon the trial court clearly establishing that the defendant's absence is voluntarily. Here, the trial court did not enquire into the absence of the Appellant and made no determination prior to proceeding with the trial.

**2.     With regard to whether the trial court's failure to instruct the jury that it should draw no adverse inferences from Defendant's absence at the sentencing phase of Defendant's trial,** the Court of Appeals' Memorandum Opinion provides that the "Appellant has identified no Texas case law requiring a separate jury instruction against drawing a negative inference from the defendant's voluntary absence, and we decline to create a requirement for one here". The Court of Appeals reasons that the trial court's admonishment to the

10

jury against a negative inference from appellant's *failure to testify* was sufficient to satisfy the requirement of an admonishment with regard to the defendant's *voluntary absence*. In *Vasquez v. State,* 680 S.W.2d 626, 628 (Tex.App.-Corpus Christi 1984, no pet.), this honorable court stated, unequivocally, that "the jury may not infer guilt on account of a defendant's voluntary absence." Assuming, for the purpose of illustrating this argument only, that the Appellant's absence was voluntary (which fact has yet to be addressed by the trial court - let alone determined), the jury should have been instructed by the trial court that it should not infer guilt on account of defendant's absence. The trial court failed to do so. Such failure to instruct the jury resulted in prejudice to the Appellant. This very issue has yet to be determined under Texas case law.

## PRAYER FOR RELIEF

This Petition should be granted.

The opinion of the Court of Appeals should be reversed and a new sentencing hearing should be held.

Petitioner also requests such other and further relief as is just.

**RESPECTFULLY SUBMITTED:**

**LAW OFFICE OF
RICHARD J. W. NUNEZ, L.L.P.C.**

11

/s/ __Richard J. W. Nunez_____

**Richard J. W. Nunez**
**SBN 151134600**
**144 E. Price Road**
**Brownsville, Texas 78521**
**Tel.: 956/541-8502**
**Fax: 956/554-8623**
**Email: rjwnlaw@aol.com**

**ATTORNEY FOR PETITIONER**

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2015, a copy of the foregoing Petition for Discretionary Review was served on the following by certified mail, return receipt requested and *via* telecopier, as follows:

Honorable Rene Gonzalez
Office of the Cameron County District Attorney
Cameron County Courthouse
973 E. Harrison Street
Brownsville, Texas 78520
*Via* telecopier: 956-544-0869

/s/Richard J.W. Nunez_____
Richard J. W. Nunez

## CERTIFICATE OF COMPLIANCE

I hereby certify that this Petition conforms to the requirements of TRAP 9, and consists of 2229 words per TRAP 9.4(i)(2)(D).

/s/ __Richard J.W. Nunez_____
**Richard J. W. Nunez**

12

# IN THE
# TEXAS COURT OF CRIMINAL APPEALS

JORGE GARCIA,

      Petitioner,

vs.                             No.    PD-0120-15

THE STATE OF TEXAS,

      Respondent.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# APPENDIX
# PETITION FOR DISCRETIONARY REVIEW

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## Index:

| 1-6 | Court of Appeals Memorandum Opinion |
| |      dated December 18, 2014 and Judgment |
| 7 | C.R. 02 |
| 8 | C.R. 03 |
| 9 | C.R. 10 |
| 10 | C.R. 22 |
| 11-14 | C.R. 29-32 |
| 15-19 | C.R. 33-37 |
| 17 | C.R. 35 |
| 18 | C.R. 36 |
| 20 | C.R. 38 |
| 21 | C.R. 39 |
| 22 | C.R. 52 |



# NUMBER 13-13-00547-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JORGE GARCIA,                                                    Appellant,

v.

THE STATE OF TEXAS,                                             Appellee.

On appeal from the 138th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

### Before Justices Benavides, Perkes, and Longoria
### Memorandum Opinion by Justice Longoria

By two issues, appellant Jorge Garcia challenges his eight-year sentence for aggravated sexual assault of a child, a first-degree felony. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(iii) (West, Westlaw through 2013 3d C.S.). We affirm.

# I. BACKGROUND

In April of 1998, the State charged appellant by indictment with aggravated sexual assault of a minor under the age of fourteen. *See id.* Appellant entered an open plea of guilty and judicially confessed. The trial court judge accepted the plea and both parties agreed that the issue of punishment would be submitted to a jury. A jury was empaneled and sworn the same day and was scheduled to start hearing arguments the following morning.

Appellant did not appear for the punishment trial the next morning. The trial court judge denied appellant's trial counsel's request for a continuance on the grounds of appellant's absence and proceeded with the punishment trial. The jury assessed punishment at eight years in the Texas Department of Criminal Justice—Institutional Division and no fine. The trial court entered a judgment of conviction *in absentia* and issued a capias for appellant's arrest.

In the summer of 2013, appellant contacted the Cameron County District Attorney's Office in an effort to resolve this case. On September 17, 2013, the trial court judge had appellant brought before the court, formally imposed the jury's sentence, and certified appellant's right of appeal.

## II. CONTINUING THE PUNISHMENT TRIAL

By his first issue, appellant argues that the original[1] trial judge violated his right to be present by deciding to continue the punishment trial without first making a specific finding that he was voluntarily absent.

---

[1] The Honorable Robert Garza, Judge of the 138th District Court of Cameron County, Texas, presided over the punishment trial. His successor as district judge, the Honorable Arturo C. Nelson, imposed the sentence.

2

## A. Applicable Law and Standard of Review

A criminal defendant has a right under the state and federal constitutions to be present during all phases of the trial. *Miller v. State*, 692 S.W.2d 88, 90 (Tex. Crim. App. 1985) (en banc) (citing *Taylor v. United States*, 414 U.S. 17, 20 (1973) (per curiam)). Article 33.03 of the Texas Code of Criminal Procedure provides that when a case is to be tried to a jury, the defendant must be present until the jury had been empaneled and sworn.[2] TEX. CODE CRIM. PROC. ANN. art. 33.03 (West, Westlaw through 2013 3d C.S.). However, the defendant can forfeit his right to be present by voluntarily absenting himself after the jury is sworn. *Miller*, 692 S.W.2d at 90; *see Ashley v. State*, 404 S.W.3d 672, 681 (Tex. App.—El Paso 2013, no pet.) (observing that "the right to be present until the selection of the jury cannot be waived," but that it does not violate the defendant's rights to proceed with the trial if the defendant voluntarily absents himself after the jury is selected).

We review the trial court's determination that a defendant is voluntarily absent for abuse of discretion. *Papakostas v. State*, 145 S.W.3d 723, 725 n.2 (Tex. App.—Corpus Christi 2004, no pet.) (citing *Moore v. State*, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc)). In most cases, appellate courts must determine from hindsight the validity of the trial court's voluntariness determination. *Hudson v. State*, 128 S.W.3d 367, 375 (Tex. App.—Texarkana 2004, no pet.). In this review, courts are not limited only to the record

---

[2] Article 33.03 of the Texas Code of Criminal Procedure provides in relevant part:

> In all prosecutions for felonies, the defendant must be personally present at the trial, and he must likewise be present in all cases of misdemeanor when the punishment or any part thereof is imprisonment in jail; provided, however, that in all cases, when the defendant voluntarily absents himself after pleading to the indictment or information, or after the jury has been selected when trial is before a jury, the trial may proceed to its conclusion.

TEX. CODE CRIM. PROC. ANN. art. 33.03 (West, Westlaw through 2013 3d C.S.).

3

before the trial court at the time of its ruling. *Moore*, 670 S.W.2d at 261. As long as there is "some evidence" supporting the trial court's determination, we will not disturb the ruling absent evidence from the defendant showing that his absence was involuntary. *Id.*; *Hudson*, 128 S.W.3d at 375–76.

## B. Discussion

Appellant argues that the trial court erred because it did not make a formal finding that he was voluntarily absent. However, the trial court denied appellant's counsel's motion for continuance and opted to proceed with the trial, impliedly finding that appellant's absence was voluntary.[3] *See Heard v. State*, 887 S.W.2d 94, 99 (Tex. App.—Texarkana 1994, pet. ref'd) (reviewing the denial of a motion for continuance on the grounds of the defendant's absence as a determination that the defendant was voluntarily absent). Appellant cites several cases from jurisdictions outside of our State, but he has not briefed any Texas case law requiring the trial court to make an express finding that a defendant's absence from trial was voluntary, and we have found none. Further, appellant does not assert that his absence from the punishment hearing was involuntary. Accordingly, we overrule appellant's first issue.

## III. JURY INSTRUCTION ON ABSENCE

By his second issue, appellant asserts that the trial court erred by not instructing the jury that it should draw no adverse inferences from his absence. As support, appellant cites to this Court's observation in *Vasquez v. State* that a jury may not infer guilt from a

---

[3] Appellant did not request a reporter's record in this case. *See* TEX. R. APP. P. 34.6(b) (providing that it is the responsibility of the appellant to request the reporter's record). However, we note that there is no information in the briefs or the clerk's record regarding the status of the court reporter's notes or whether a record was ever generated in this case. A court reporter has a statutory duty to preserve notes on request, but only for three years. TEX. GOV'T CODE ANN. § 52.046(a)(4) (West, Westlaw through 2013 3d C.S.).

4

defendant's voluntary absence. 680 S.W.2d 626, 628 (Tex. App.—Corpus Christi 1984, no pet.). However, this Court made that observation in the context of considering a separate question: whether a voluntarily-absent defendant was entitled to an instruction at both phases of the trial against drawing negative inferences from his failure to testify. *Id.* at 629. This Court concluded that the defendant in that case was entitled to an instruction at both phases of the trial and reversed and remanded. *Id.* In this case, the trial court judge complied with *Vasquez* and admonished the jury against drawing a negative inference from appellant's failure to testify. *See id.* Appellant has identified no Texas case law requiring a separate jury instruction against drawing a negative inference from the defendant's voluntary absence, and we decline to create a requirement for one here. We accordingly overrule appellant's second issue.

## IV. CONCLUSION

We affirm the judgment of the trial court.

<div align="right">

NORA L. LONGORIA
Justice

</div>

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of December, 2014.

5



# THE THIRTEENTH COURT OF APPEALS

## 13-13-00547-CR

Jorge Garcia
v.
The State of Texas

On Appeal from the
138th District Court of Cameron County, Texas
Trial Cause No. 98-CR-446-B

## JUDGMENT

THE THIRTEENTH COURT OF APPEALS, having considered this cause on appeal, concludes that the judgment of the trial court should be AFFIRMED. The Court orders the judgment of the trial court AFFIRMED.

We further order this decision certified below for observance.

December 18, 2014

# CRIMINAL DOCKET

REPORTED
MAY - - 1998

Case No. 98-CR-00000446-B
DEF ID#: 100107

A DEF. ADJ.
OF FINAL DISPO. 5-27-98
: P/G - NO JURY
- JURY ✓
- NO JURY
SITION:
PROB. ___ DISM. ___ ACQUITTAL
TDC 8 YEARS ___ JAIL
——— FINE
___ RESTITUTION ___ MISD.
YEARS TDC. PROB.
24.50 COURT COSTS
AIVER OF SPEEDY TRIAL

| NAMES OF PARTIES | ATTORNEYS | OFFENSE 6 | DATE OF FILING Month | Day | Year |
|---|---|---|---|---|---|
| THE STATE OF TEXAS VS. | DISTRICT ATTORNEY, CAMERON COUNTY | AGGRAVATED SEXUAL ASS ALT | 04 | 22 | 98 |
| JORGE GARCIA DOB: 07/24/80 | Alan Lippman | | | | |

| Month | Day | Year | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| APRIL | 22 | 1998 | TRANSFERRED FROM THE 197TH DISTRICT COURT. DARRELL HESTER /MDB | 04/22/98 ORDER TRANSFERRING CAUSE |
| 04 | 30 | 98 | ARRAIGNMENT SET FOR MAY 13, 1998, AT 8:30 A.M.. RGARZA/mdb | 05/04/98 NOTICE OF ARRAIGNMENT |
| 04 | 30 | 98 | BOND SET AT $25,000.00 C/S...RGARZA/mdb | 05/04/98 BOND(PTR)$10,000.00 (IB) |
| 5 | 13 | 98 | State announced ready. Defendant waived formality of arraignment and entered a plea of not guilty. Case set for trial and announcements on May 26, 1998 at 9:00 a.m. Rgarza/cap | 05/04/98 CAPIAS &PRECEPT ISSUED<br>SERVED: 5-14-98 FILED: 5-15-9[illegible] |
| 5 | 14 | 98 | Bond reduced to $10,000 c/s. RGARZA/[illegible] | 5/13/98 Arraignment<br>5/26/98 Written Waiver |
| | | | | 5/26/98 Jury Chosen<br>5/27/98 Charge to the court on punishment |
| 5 | 26 | 98 | State [illegible] Def enters plea of guilty [illegible] to jury on punishment. Jury [illegible]. Punishment [illegible] on 5/27/98. Def [illegible] guilty (adjudicated) punishment [illegible] jury | 5/27/98 Forms of Verdict |

| Date of Orders | | | ORDERS OF COURT | PAPERS FILED |
|---|---|---|---|---|
| Month | Day | Year | | |
| 5 | 27 | 98 | *[handwritten]* | 6/12/98 CAPIAS ISSUED SERVED: FILED: |
| | | | *[handwritten]* 10:30 Am | 8/03/98 CAPIAS ISSUED SERVED: FILED: |
| | | | *[handwritten]* | |
| | | | *[handwritten]* | |
| | | | *[handwritten]* | |
| 6 | 11 | 98 | JUDGMENT OF CONVICTION; PUNISHMENT BY THE JURY; SENTENCE TO INSTITUTIONAL DIVISION TRIAL IN ABSENTIA SIGNED FOR ENTRY. RGARZA/RMO | 09/28/01 CAPIAS ISSUED (ON FTA) SERVED: FILED: |
| 9 | 27 | 01 | Clerk ordered to issue new capias for arrest of Defendant (Capias of 8/3/98 erroneously recalled by Sheriffs Ofc.). NO BOND. RGARZA/plg. | |
| 8 | 5 | 13 | Bond set at $75,000 cash or surety as per the agreement of both State and Defense counsel. ACNELSON/tm | |

JUDGMENT OF CONVICTION AND SENTENCE

DATE 5/27/98

NAMES OF WITNESSES

ID# 100107

98-CR-0446-B

THE STATE OF TEXAS

vs.

JORGE GARCIA

# INDICTMENT

OFFENSE:

AGGRAVATED SEXUAL ASSAULT

(CHILD)

YOLANDA DE LEON
Criminal County Attorney

A TRUE BILL:

Foreman of Grand Jury

Filed on APR 22 1998

AURORA DE LA GARZA, CLERK OF DISTRICT COURTS OF CAMERON COUNTY TEXAS

By_____ Deputy

Amount of Bail $_____

COUNTY OF CAMERON

I, AURORA DE LA GARZA, Clerk of the District Courts of Cameron County, Texas, do hereby certify that the within and fore-going is a true and correct copy of the Original Bill of Indictment, filed in said Court on _____ A. D. 19__ in Cause No. _____ styled the State of Texas vs. _____

Given under my hand and seal of said court, at office in Brownsville, Texas, this _____ day of _____ A. D. 19__

AURORA DE LA GARZA, Clerk

By_____ Deputy

INVESTIGATOR ROBERT RODRIGUEZ JR.

SIGNATURE (AGENT):

APPROVED (NAMED TITLE):

## CAUSE NO. 98-CR-446-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| JORGE GARCIA | § | 138TH JUDICIAL DISTRICT |

### JUDGMENT OF CONVICTION: PUNISHMENT BY THE JURY: SENTENCE TO INSTITUTIONAL DIVISION TRIAL IN ABSENTIA

Judge Presiding: ROBERT GARZA          Date of Judgment: 6/11/98

State's
Attorney: John T. Blaylock             Defendant's
                                        Attorney: Alan Lippman

Offense
Convicted of: Aggravated Assault       Date of Conviction: 5/27/98

Degree of Offense: Second Degree Felony     Date Offense Committed: 9/14/97

Charging Instrument: Indictment

Plea to Court: Guilty                  Verdict of Jury: Guilty

Term of Plea Agreement (In Detail) None - going to jury for punishment

Plea to Enhancement: n/a               Findings on Enhancement: n/a

Finding on Special Issue (In Detail): n/a

Date Sentence Imposed: 5/27/98         Costs: $124.50

Sentence of Imprisonment
Institutional Division: Eight (8) Years     Fine: -0-

Time Credited: (3) days                Date to Commence: 5/27/98

Total Amount of Restitution: $ n/a

This sentence is to be served concurrent with any other sentence unless otherwise specified.

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to AGGRAVATED ASSAULT. Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

THEREAFTER, the Defendant, having previously elected in writing to have his punishment assessed by a jury, a jury of twelve good and lawful persons, Rodolfo Garza and eleven others, was duly selected, impaneled and sworn according to the law and charged by the court on separation;

THEREAFTER, on May 27, 1998, the defendant failed to appear, wherein the court ordered a bond Forfeiture and a Judgment Nisi, and ordered the issuance of an alias capias, with the bond being set at NO BOND. Thereafter, the court having denied the defense attorney's request for a continuance on this case, the Court was of the opinion that it sould proceed in trying

the defendant *in absentia*, and the indictment was read to the jury and the Defendant, through his attorney, entered his plea of Not guilty thereto, whereupon the State introduced evidence and rested. THEREAFTER, the defendant introduced evidence and rests. All parties closed, whereupon the charge was prepared and submitted to all counsel.

THEREAFTER, the Court charged the jury as to the law applicable to said cause and argument of counsel for the State and the Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider their verdict, and afterward was brought into open court by the proper officer, the Defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to wit:

> **"We the Jury, assess the punishment of Jorge Garcia, who has
> pled guilty to the offense of Aggravated Sexual assault at con-
> finement in the Texas Department of Criminal Justice - Institutional
> Division for __8__, years (being not less than five (5) years nor
> more than ninety-nine(99) years), and assess a fine of $__NONE__,
> (Answer in dollars and cents, not exceeding $10,000.00 or "None")**
>
> **/s/ Rodolfo Garza**
> **Presiding Juror"**

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, *in absentia*, as found by the jury, be and is hereby sentenced to **EIGHT (8) YEARS** at the Texas Department of Criminal Justice, Institutional Division. The Defendant is ordered to be brought before this court upon his arrest for formal sentencing, whereafter, the Defendant shall be taken by the authorized agent of the State of Texas or by the sheriff of Cameron county, Texas, and by him safely

conveyed and delivered to the Director of the institutional division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid.

IT IS FURTHER ORDERED by the Court that Defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said Defendant is given credit on this sentence for (3) days on account of the time spent in jail.

SIGNED FOR ENTRY: June 11, 1998.

_____
ROBERT GARZA
Judge Presiding

FILED ___ O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 11 1998

DISTRICT COURT, CAMERON COUNTY, TEXAS
BY _____ DEPUTY

Rosa Maria Ochoa

CAUSE NO.98-CR-446-B

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT OF |
| VS | § | CAMERON COUNTY, TEXAS |
| JORGE GARCIA | § | 138TH JUDICIAL DISTRICT |

## JUDGMENT OF CONVICTION; PUNISHMENT BY THE JURY; SENTENCE TO INSTITUTIONAL DIVISION TRIAL IN ABSENTIA NUNC PRO TUNC

In the above entitled and numbered cause there was signed for entry on June 11, 1998, a Judgment of Conviction Punishment by the Jury Sentence to Institutional Division Trial in Absentia which said judgment by inadvertence reflects an incorrect offense convicted of and degree of felony.

Now, therefore, in order to correct such inadvertence, IT IS ORDERED that the following Judgment of Conviction Punishment by the Jury Sentence to Institutional Division Trial in Absentia be entered instead of the Judgment of Conviction Punishment by the Jury Sentence to Institutional Division Trial in Absentia signed for entry on June 11, 1998, and that said Judgment of Conviction Punishment by the Jury Sentence to Institutional Division Trial in Absentia of June 11, 1998, is set aside and held for naught and in all things replaced by the following Judgment of Conviction Punishment by the Jury Sentence to Institutional Division Trial in Absentia Nunc Pro Tunc.

## JUDGMENT OF CONVICTION;
## PUNISHMENT BY THE JURY;
## SENTENCE TO INSTITUTIONAL DIVISION
## TRIAL IN ABSENTIA

Judge Presiding: ROBERT GARZA      Date of Judgment: 8/9/13

State's      Defendant's

Attorney:   John T. Blaylock      Attorney: Alan Lippman

Offense

Convicted of: Aggravated Sexual Assault      Date of Conviction: 5/27/98

Degree of Offense: 1st Degree Felony      Date Offense Committed: 9/14/97

Charging Instrument: Indictment

Plea to Court: Guilty      Verdict of Court: Guilty

Term of Plea Agreement (In Detail): None, going to jury for punishment

Plea to Enhancement: n/a      Findings on Enhancement: n/a

Finding on Special Issue (In Detail): n/a

Date Sentence Imposed: 5/27/98      Costs: $124.50

Sentence of Imprisonment

Institutional Division: Eight (8) Years      Fine: -0-

Time Credited: (3) days      Date to Commence: 5/27/98

Total Amount of Restitution: $ n/a

This sentence is to be served concurrent with any other sentence unless otherwise specified.

On the date stated above, the above numbered and entitled cause was reached and called for trial, and the State appeared by the attorney stated above, and the Defendant and the Defendant's attorney were also present. Thereupon, both sides announced ready for trial, and the Defendant, Defendant's attorney, and the State's attorney agreed in open court and in writing to waive a jury in the trial of this cause and to submit it to the Court. The Court consented to the waiver of a jury herein. The Defendant further waived the reading of the indictment and, upon

being asked by the Court as to how the Defendant pleaded, entered a plea of guilty to **AGGRAVATED SEXUAL ASSAULT.** Thereupon, the Defendant was admonished by the Court of the consequences of said plea, and, it appearing to the Court that the Defendant was competent to stand trial and that the Defendant was not influenced in making said plea by any consideration of fear or by any persuasion prompting a confession of guilt, the free and voluntary plea of guilty was received by the Court and is now entered of record in the minutes of the Court as the plea of the Defendant. The Court, having heard all evidence from the State and the Defendant, and having heard argument of counsel for both parties, found that there was sufficient evidence to support the Defendant's plea and found the Defendant guilty of the offense stated above.

THEREAFTER, the Defendant, having previously elected in writing to have his punishment assessed by a jury, a jury of twelve good and lawful persons, Rodolfo Garza and eleven others, was duly selected, impaneled and sworn according to the law and charged by the court on separation;

THEREAFTER, on May 27, 1998, the defendant failed to appear, wherein the court ordered a bond forfeiture and a judgment nisi, and ordered the issuance of an alias capias, with the bond being set at NO BOND. Thereafter, the court having denied the defense attorney's request for a continuance on this case, the Court was of the opinion that I should proceed in trying the defendant in absentia, and the indictment was read to the jury and the Defendant, through his attorney, entered his plea of not guilty thereto, whereupon, the State introduced evidence and rested. THEREAFTER, the defendant introduced evidence and rests. All parties closed, whereupon the charge was prepared and submitted to all counsel.

THEREAFTER, the Court charged the jury as to the law applicable to said cause and argument of counsel for the State and Defendant was duly heard and concluded, and the jury retired in charge of the proper officer to consider their verdict, and afterward was brought into open court by the proper officer, the defendant and his counsel being present, and in due form of law returned into open court the following verdict, which was received by the Court and is here now entered upon the Minutes of the Court, to wit:

> "We, the Jury, assess the punishment of Jorge Garcia, who has pled guilty to the offense of Aggravated Sexual Assault at confinement in the Texas Department of Criminal Justice, - Institutional Division for 8 years (being not less than five (5) years nor more than ninety-nine (99) years), and assess a fine of $None. (Answer in dollars and cents, not exceeding $10,000.00 or "None")

> /s/ Rodolfo Garza
> Presiding Juror"

IT IS THERFORE, ORDERED, ADJUDGED AND DECREED by the Court that the Defendant, who has been adjudged guilty of the offense stated above, in absentia, as found by the Jury, be and is hereby sentenced to **EIGHT (8) YEARS** at the Texas Department of Criminal Justice, Institutional Division. The Defendant is ordered to be brought before this court upon his arrest for formal sentencing, whereafter, the Defendant shall be taken by the authorized agent of the State of Texas or by the sheriff of Cameron County, Texas, and by him safely conveyed and delivered to the Director of the Institutional Division of the Texas Department of Criminal Justice, there to be imprisoned in the manner and for the period aforesaid.

IT IS FURTHER ORDERED by the Court that defendant's left or right thumb be fingerprinted, and that said thumbprint be marked as Exhibit "A" and is made a part hereof for all purposes.

Said defendant is given credit on this sentence for (3) days on account of the time spent

In jail.

SIGNED FOR ENTRY: August  9  , 2013.

_____
Judge Presiding

FILED ____ O'CLOCK ____ M
AURORA DE LA GARZA CLERK

AUG 14 2013

DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

FILED __II.I6__ O'CLOCK __a.__ M
AURORA DE LA GARZA, DIST. CLERK

SEP. 1 7 2013

DISTRICT COURT CAMERON COUNTY TEXAS
BY _____ DEPUTY

NO. 98-CR-446-B

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **vs.** | § | **138TH JUDICIAL DISTRICT** |
| | § | |
| **JORGE GARCIA** | § | **CAMERON COUNTY, TEXAS** |

## NOTICE OF APPEAL

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now comes Jorge Garcia, Defendant in the above styled and numbered cause, and gives

this written notice of appeal to the Court of Appeals of the State of Texas from the judgment of

conviction and sentence herein rendered against Jorge Garcia.

Respectfully submitted,

**LAW OFFICES OF
RICHARD J. W. NUNEZ, L.L.P.C.
144 E. Price Road
Brownsville, Texas 78521
Tel: (956) 541-8502
Fax: (956) 541-8623**

By:_____
        **Richard J. W. Nunez
        State Bar No. 15134600
        Attorney for Jorge Garcia**

## CERTIFICATE OF SERVICE

This is to certify that on September 17, 2013, a true and correct copy of the above and

foregoing document was served on the District Attorney's Office, Cameron County, 974 E.

Harrison Street, Brownsville, Texas 78520, by hand delivery.

_____
Richard J. W. Nunez

M:/RJWN/LP/DOC/GARCIA JORGE\GarciaJ-#4.wpd

**Appendix -Page 20**

ILED _____ O'CLOCK _____m
AURORA DE LA GARZA, DIST. CLERK

SEP. 1 7 2013

DISTRICT COURT, CAMERON COUNTY TEXAS
BY_____ DEPUTY

NO. 98-CR-446-B

| | | |
|---|---|---|
| STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | |
| vs. | § | 138TH JUDICIAL DISTRICT |
| | § | |
| JORGE GARCIA | § | CAMERON COUNTY, TEXAS |

## REQUEST FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW

### TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Jorge Garcia, Defendant in the above styled and numbered cause, and moves the Court to make findings of fact and conclusions of law regarding the following motion filed by defendant:

Defendant's Oral Motion to Continue Jury Selection on matter of Sentencing urged on May 27, 1998.

**WHEREFORE, PREMISES CONSIDERED**, Jorge Garcia prays that the Court grant this motion and make the requested findings of fact and conclusions of law.

Respectfully submitted,

**LAW OFFICES OF
RICHARD J. W. NUNEZ, L.L.P.C.**
144 E. Price Road
Brownsville, Texas 78521
Tel: (956) 541-8502
Fax: (956) 541-8623

By:_____
Richard J. W. Nunez
State Bar No. 15134600
Attorney for Jorge Garcia

M:/RJWN/LP/DOC/GARCIA,JORGE\Garcia J-#1.wpd

Appendix -Page 21

# IN THE DISTRICT COURT
## OF CAMERON COUNTY, TEXAS
### THE 138TH JUDICIAL DISTRICT OF TEXAS

THE STATE OF TEXAS

VS.                                              CAUSE NO. 98-CR-446-B

JORGE GARCIA

## TRIAL COURT'S CERTIFICATION OF DEFENDANT'S RIGHT OF APPEAL*

I, Judge of the trial court, certify this criminal case:

___X___ is not a plea-bargain case, and the defendant has the right of appeal. [or]

_____ is a plea-bargain case, but matters were raised by written motion filed and ruled on before trial and not withdrawn or waived, and the defendant has the right of appeal. [or]

_____ is a plea-bargain case, but the trial court has given permission to appeal, and the defendant has the right of appeal. [or]

_____ is a plea-bargain case, and the defendant has NO right of appeal. [or]

_____ the defendant has waived the right of appeal.

FILED 2:00 O'CLOCK ___ M
AURORA DE LA GARZA, CLERK

NOV - 1 2013

_____          12/31/13          _____
Arturo Cisneros Nelson, Judge Presiding      Date Signed      DISTRICT COURT OF CAMERON COUNTY, TEXAS
                                                                          DEPUT

I, the Defendant, have received a copy of this certification. I have also been informed of my rights concerning any appeal of this criminal case, including any right to file a pro se petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure. I have been admonished that my attorney must mail a copy of the court of appeals' judgment and opinion to my last known address and that I have only 30 days in which to file pro se petition for discretionary review in the court of appeals. Tex. R. App. P. 68.2. I acknowledge that, if I wish to appeal this case and if I am entitled to do so, it is my duty to inform my appellate attorney, by written communication, of any change in the address at which I am currently living or any change in my current prison, state jail or county jail unit. I understand that, because of appellate timetables, if I fail to timely inform y appellate attorney of any change in my address, I may lose the opportunity to file a pro se petition for discretionary review.

_____          _____
Defendant                        Defendant's Counsel SBN: 15734600

Mailing Address 1925 El Lago Dr.      Mailing Address: 1901 E. Price Rd
Brownsville Tx 78526                  Brownsville, Tx 78521
Telephone: 956-639-9726              Telephone: 956-541-8502
Fax Number (if any): _____         Fax Number (if any) 541-8623

* "A defendant in a criminal case has the right of appeal under these rules. The trial court shall enter a certification of the defendant's right to appeal in every case in which it enters a judgment of guilt or other appealable order. In a plea bargain case — that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant — a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." TEXAS RULES OF APPELLATE PROCEDURE 25.2(a)(2).